IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fraternal Order of Police, Fort Pitt : <br>
Lodge No. 1, : <br>
            Appellant : <br>
: <br>
     v. : No. 1414 C.D. 2019 <br>
: SUBMITTED: May 15, 2020 <br>
City of Pittsburgh, Pennsylvania : <br>

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge <br>
                HONORABLE MICHAEL H. WOJCIK, Judge <br>
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION <br>
BY JUDGE CEISLER                            FILED: June 8, 2020

The Fraternal Order of Police, Fort Pitt Lodge No. 1 (FOP) and the City of Pittsburgh (City) have entered into a series of collective bargaining agreements (CBAs). Relevant here is the CBA that expired at the end of 2014 (2014 CBA) and its replacement CBA (2015 CBA). Section 24 of the 2014 CBA (Section 24) addressed secondary employment of off-duty police officers. Reproduced Record (R.R.) at 144a-46a. The issue in this appeal is whether Section 24 remained in effect so as to become part of the 2015 CBA.

A panel of arbitrators determined that Section 24 was not part of the 2015 CBA. The FOP appealed the arbitrators' award to the Court of Common Pleas of Allegheny County (trial court),[1] which affirmed the arbitration award. The FOP then appealed further to this Court. After thorough review, we affirm the decision of the trial court.

---

[1] The Honorable Joseph James presided.

# I. Background

The provisions of Section 24 have generated a number of disputes and grievances between the parties. In November 2013, the parties executed a Memorandum of Understanding (MOU) replacing Section 24 with the secondary employment provisions of the MOU. In a subsequent agreement in March 2016, the parties agreed the MOU had terminated December 31, 2014, along with the 2014 CBA.

When the 2014 CBA was nearing expiration, the parties engaged in interest arbitration[2] concerning the terms to be included in the 2015 CBA. The City's arbitration issue No. 19 specifically raised the removal of Section 24 from the 2015 CBA. R.R. at 155a. The City refused to bargain with the FOP over this issue, contending secondary employment was an issue of managerial prerogative not subject to collective bargaining. The City asserted Section 24 had been improperly bargained for and included in the 2014 CBA by previous City administrators, but it should not be included in the 2015 CBA.

In July 2016, an arbitration panel in the interest arbitration proceeding issued an initial award (Miller Award #1)[3] ruling on various issues concerning a number of provisions of the 2015 CBA. R.R. at 183a-98a. However, the arbitrators in Miller Award #1 did not specifically rule on the inclusion of Section 24. Miller Award #1

---

[2] Interest arbitration determines the terms and conditions of employment in order to reach a new collective bargaining agreement (CBA) where the parties are unable to do so through negotiations. *Michael G. Lutz Lodge No. 5 v. City of Philadelphia*, 129 A.3d 1221, 1226 (Pa. 2015). By contrast, grievance arbitration is the process used to settle disputes arising under an existing CBA. *Id.*

[3] The Fraternal Order of Police, Fort Pitt Lodge No. 1 (FOP) refers to the initial and supplemental interest arbitration awards as Miller Award #1 and #2, respectively, referring to the chair of the arbitration panel. This Court therefore uses the same terminology.

2

directed the parties to prepare the 2015 CBA in conformance with the rulings in Miller Award #1. R.R. at 197a. The parties were directed that all remaining terms of the 2014 CBA not addressed in Miller Award #1 were to be left unchanged in the 2015 CBA; however, the parties were also directed to correct any errors and remove any outdated language in the 2014 CBA. *Id.* The arbitration panel retained jurisdiction to resolve any disputes between the parties concerning the changes to be made to the 2014 CBA in their preparation of the 2015 CBA. *Id.*

Not surprisingly, among the disputes that arose between the parties was whether Section 24 should be part of the 2015 CBA. As set forth above, the parties agreed the MOU and the 2014 CBA both expired on December 31, 2014. The parties disagreed, however, on the effect of the MOU's expiration. The City contended Section 24 was permanently removed by the MOU and was not revived once the MOU expired. Therefore, the City argued Section 24 had become outdated language that had to be removed from the 2014 CBA in the course of preparing the 2015 CBA. In opposition, the FOP argued that once the MOU expired, its removal of Section 24 also expired, reinstating Section 24 as part of the 2014 CBA. The FOP reasoned that because Miller Award #1 did not address Section 24, it was among the remaining terms of the 2014 CBA that were to continue unchanged in the 2015 CBA.[4]

Thereafter, a supplemental interest arbitration award (Miller Award #2) addressed the issues raised by the parties in attempting to prepare the 2015 CBA.

---

[4] In March 2017, the FOP initiated a grievance arbitration proceeding, seeking a ruling that Section 24 remained a valid part of the 2014 CBA notwithstanding the validity of the MOU. The grievance arbitrator, however, recognized in his award (McDowell Award) that Section 24's inclusion in the 2015 CBA was among the subjects of a pending supplemental interest arbitration proceeding, *i.e.*, the proceeding at issue in this appeal. The arbitrator in the McDowell Award therefore declined to rule on the FOP's grievance pending the final outcome of the interest arbitration. Reproduced Record (R.R.) at 233a-34a.

R.R. at 291a-98a.  Relevant here, Miller Award #2 directed removal of Section 24 from the 2015 CBA.  R.R. at 297a.  The removal ruling was based on a 2017 grievance arbitration award that upheld the validity and enforceability of the MOU,[5] as well as on the language of Miller Award #1 requiring the parties to remove outdated language from the 2014 CBA.  *Id.*

The FOP appealed to the trial court which affirmed Miller Award #2.  The trial court found the arbitration panel acted within its jurisdiction and authority and the arbitration proceeding was not irregular.  R.R. at 492a-93a.  The FOP then appealed to this Court.

## II. Issue on Appeal

The overarching substantive issue between the parties is the legal effect of the MOU's expiration on the status of Section 24 of the 2014 CBA, in light of Miller Award #1's directive that all terms of the 2014 CBA not expressly addressed in Miller Award #1 should remain unchanged in the 2015 CBA.  In Miller Award #2, the arbitration panel ordered removal of Section 24 from the 2015 CBA.  In this appeal, the FOP contends the arbitrators issuing Miller Award #1, who retained jurisdiction to resolve disputes over the terms of the 2015 CBA, nonetheless lacked jurisdiction to address Section 24 in Miller Award #2 because they did not address it in Miller Award #1.

## III. Discussion

### A. Judicial Review of Interest Arbitration Awards

In response to public sector labor unrest and illegal strikes during the 1960s, the Pennsylvania legislature in 1968 enacted the Policemen and Firemen Collective

___

[5] That separate grievance arbitration award does not appear to be part of the record before this Court, but it is referenced in the McDowell Award described in note 4 above.  R.R. at 216a.

4

Bargaining Act (Act 111),[6] granting collective bargaining rights to police and fire personnel concerning the terms and conditions of their employment, as well as the right to adjustment or settlement of grievances or disputes. *See* Section 1 of Act 111, 43 P.S. § 217.1; *Michael G. Lutz Lodge No. 5 v. City of Phila.*, 129 A.3d 1221, 1226 (Pa. 2015). A significant component of Act 111 is the availability of interest arbitration to determine the terms of a CBA where the parties have bargained to an impasse; "binding interest arbitration is the *quid pro quo* for police and fire personnel relinquishing any right to strike." *Michael G. Lutz Lodge No. 5*, 129 A.3d at 1227.

A corollary to this balance struck by the legislature is circumscribed judicial review of interest arbitration awards. *Id.* Our Supreme Court has established a narrow *certiorari* scope of judicial review for interest arbitration awards. *Id.* A court reviewing such an arbitration award may consider only the jurisdiction of the arbitrators, the regularity of the proceedings, whether the arbitrators exceeded their power, or whether constitutional rights have been violated. *Id.*

Under the first prong of the narrow *certiorari* scope of review, "[a]n arbitrator exceeds his jurisdiction 'when he addresses issues not submitted to him.'" *City of Pittsburgh v. FOP Fort Pitt Lodge No. 1*, 111 A.3d 794, 800 (Pa. Cmwlth. 2015) (quoting *Pa. State Police v. Pa. State Troopers' Ass'n (Trooper Michael Keyes)*, 54 A.3d 129, 133 (Pa. Cmwlth. 2012)). Under the third prong of the narrow *certiorari* scope of review, an arbitrator is within his authority unless he directs the public employer to do an act that is illegal or does not relate to the terms and conditions of employment. *City of Pittsburgh v. FOP Fort Pitt Lodge No. 1*, 189 A.3d 491, 495 (Pa. Cmwlth. 2018), *rev'd and remanded on other grounds*, 224 A.3d 702 (Pa.

---

[6] Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1-217.10.

2020). An error of law is not sufficient to warrant reversal under the narrow *certiorari* scope of review. *City of Philadelphia v. FOP Lodge No. 5*, 677 A.2d 1319, 1322 (Pa. Cmwlth. 1996).

Mindful of these limitations on our review, we examine the FOP's assertion of errors in Miller Award #2.

### B. Analysis

The FOP challenges Miller Award #2's removal of Section 24 from the 2015 CBA as exceeding the jurisdiction and authority of the arbitration panel. We discern no merit in this argument.

The jurisdiction of an interest arbitration panel encompasses all disputes that arise in the course of the collective bargaining process. *City of Philadelphia v. Int'l Ass'n of Firefighters, Local 22*, 999 A.2d 555, 564 (Pa. 2010). In addition, arbitrators in an interest arbitration proceeding are empowered to retain jurisdiction to oversee the implementation of their initial award. *Michael G. Lutz Lodge No. 5*, 129 A.3d at 1230. However, an arbitration panel's authority is limited to the issues submitted by the parties, or reasonably subsumed within those issues. *Id.*

Here, there is no doubt the City raised removal of Section 24 in its statement of issues in the interest arbitration. However, Miller Award #1 did not specifically rule on that issue. The FOP argues, therefore, that the issue was not properly before the panel for disposition in its supplemental award.

In Miller Award #1, the arbitrators properly retained jurisdiction to resolve disputes arising in the course of implementing the award and drafting the 2015 CBA. The arbitrators also specifically instructed the parties to remove outdated language from the 2014 CBA in the process of preparing the 2015 CBA.

6

As noted above, the parties' dispute concerning the validity and enforceability of the MOU was the subject of a grievance arbitration proceeding. Notably, the arbitrator in that grievance proceeding was the same arbitrator who chaired the panel in the interest arbitration. The grievance arbitration award was issued after Miller Award #1 but before Miller Award #2. The grievance arbitration award upheld the validity and enforceability of the MOU.

Because the MOU removed Section 24 from the 2014 CBA, the grievance arbitration award directly impacted the ongoing viability of Section 24. The dispute concerning removal of Section 24 as outdated based on the MOU recurred during preparation of the 2015 CBA. Therefore, it was properly before the arbitrators pursuant to their retention of jurisdiction over disputes arising during the implementation process. The arbitrators acted within their jurisdiction and authority in ruling that the intervening grievance arbitration award removed Section 24 from the 2014 CBA, thus rendering it outdated language that had to be removed in preparing the 2015 CBA. Therefore, we will not disturb Miller Award #2.

## IV. Conclusion

Based on the foregoing discussion, the decision of the trial court is affirmed.

_____
ELLEN CEISLER, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fraternal Order of Police, Fort Pitt : 
Lodge No. 1, : 
     Appellant : 
         : 
   v. : No. 1414 C.D. 2019
         : 
City of Pittsburgh, Pennsylvania : 

# **O R D E R**

AND NOW, this 8th day of June, 2020, the order of the Court of Common Pleas of Allegheny County is AFFIRMED.

          _____
          ELLEN CEISLER, Judge